UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JANARDHAN GRANDHE,<br><br>                    Defendant. | No. 1:22-CR-00198-JLT-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(Doc. 28) |

Janardhan Grandhe is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Doc. 28.) Shortly after starting his 12 month and one day term of incarceration, Dr. Grandhe's[1] mother was "diagnosed with progressive and incurable stage 4 elephantiasis and senile degeneration of the brain" and was placed on home hospice care. (*Id*. at 1.) Grandhe asserts that he cared for his mother prior to his incarceration, and her ongoing care in his absence has placed an immense burden on his immediate family. (*Id*.) The Government opposes Grandhe's motion, arguing that "1) he does not meet the 'extraordinary and compelling' standard of 18 U.S.C. § 3582(c)(1)(A) and 2) the 18 U.S.C. § 3553(a) factors do not weigh in his favor." (Doc. 32 at 1.) Grandhe submitted a reply to the government's opposition, stating that he

---

[1] Dr. Grandhe is a medical doctor who has practiced for decades in the field of pain management. Though his conviction was quite serious and though he is not entitled to treatment different from others in his situation, likewise he has not lost his right to be addressed by the honorific, "Dr."

1

is "the only available full time caregiver of his mother." (Doc. 33 at 1.) For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

Dr. Grandhe pleaded guilty to one count of tax evasion in violation of 26 U.S.C. § 7201. (Doc. 17 at 2.) He is currently incarcerated at USP Lompoc and has a projected release date of April 12, 2024. (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited November 14, 2023).) On September 11, 2023, two months after self-surrendering, Dr. Grandhe moved for compassionate release. (Doc. 28.) He requests that this Court allow him to serve the remainder of his sentence in home confinement so that he can take care of his mother. (*Id*. at 1.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, defendants petitioning for compassionate release must exhaust administrative remedies. Once they do so, courts consider whether "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. New amendments to the sentencing guidelines went into effect on November 1, 2023. The amendments list six types of circumstances that may qualify as "extraordinary and compelling." U.S. Sent'g Guidelines

Manual § 1B1.13(b) (Nov. 1, 2023). These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. *Id.*

## ANALYSIS

**A.**   **Administrative Exhaustion**

Dr. Grandhe submitted a request for compassionate release to the Bureau of Prisons. This was denied on August 7, 2023. (Doc. 28 at 33.) The United States agrees that Dr. Grandhe has exhausted his administrative remedies. (Doc. 32 at 4.)

**B.**   **Defendant's Request for Home Confinement**

Defendant requests to serve the remainder of his sentence in home confinement rather than this current place of incarceration at USP Lompoc. (Doc. 28.) The Court does not have the authority to determine where Dr. Grandhe serves his sentence. *See United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090–91 (N.D. Cal. 2020) ("[T]he Court has no authority to designate the place of confinement."). Only the Bureau of Prisons may determine where prisoners serve their sentence. *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons."). As such, the Court is unable to consider Dr. Grandhe's request to serve the remainder of his sentence in home confinement, but, construing his motion liberally, will consider whether to reduce his sentence under 18 U.S.C. § 3582.

**C.**   **Extraordinary and Compelling Reasons**

Dr. Grandhe argues that he qualifies for relief under 18 U.S.C. § 3582(c)(1)(A) because he is the only available full-time caretaker for his mother, who suffers from stage four elephantiasis. (Doc. 28.) As recently amended, the Sentencing Guidelines indicate that extraordinary and compelling reasons exist where the defendant's parent is incapacitated, and the defendant would be the "only available caregiver for the parent." U.S. Sent'g Guidelines

Manual 1B1.13(b)(3)(C) (Nov. 1, 2023).

Dr. Grandhe asserts that his mother's "condition is terminal with a prognosis of less than six months to live." (Doc. 28 at 2.) Dr. Grandhe's mother lives with his wife, but Dr. Grandhe alleges his wife is unable to provide full-time care because she has a full-time job. (Doc. 33 at 1.) He states that the same is true of his own children. (*Id*.) The Court is not convinced that Dr. Grandhe's allegations are entirely truthful and is not convinced that releasing him from prison is the only way to ensure that his mother receives sufficient and appropriate care.

Notably, in seeking to extend his self-surrender date for a year, Dr. Grandhe alleged that he needed to care for "nearly 100 chronic pain patients in the Central Valley." (Doc. 23 at 2.) He reported that he would use the time to train another doctor to handle his practice while he was incarcerated. (Doc. 27 at 2-4) Notably, he failed to note that the other doctor had, already, been working for him for more than two years. *Id*. Yet in the instant motion, Dr. Grandhe asserts that he "was providing full-time care for his mother prior to his surrender."[2] (Doc. 28 at 2.) These statements are inconsistent.

Dr. Grandhe states that he "wishes to spend the last days of his mother's life by her side." (Doc. 28 at 2.) Thought the Court is sympathetic to the situation. There are few who would not want to spend the last days with their ailing parent. However, this desire is not enough. Defendant has not demonstrated that he is the only person who can care for his mother. Dr. Grandhe asserts that "hospice care is limited to a few hours during the week for management of pain" and the hospice program is not providing full time care. (Doc. 33 at 1.) The Court does not doubt his mother needs care but is unconvinced that the care must be provided by Dr. Grandhe. Dr. Grandhe does not explain why he and his family cannot contract for a care provider to assist in his mother's care. The accounting of Dr. Grandhe's assets in the presentence report found that Dr. Grandhe "has significant assets and an overwhelmingly positive monthly cashflow" and a significant net worth. (Doc. 17 at 11). It is not apparent why Dr. Grandhe's release is necessary to ensure that his mother receives the care that she needs. Thus, the Court finds that Dr. Grandhe

---

[2] Also, Dr. Grandhe previously requested that this Court continue his self-surrender date so that he could train a doctor to treat his patients. (Doc. 23.) Notably, that request did not mention Dr. Grandhe's mother.

has not demonstrated that his family circumstances amount to extraordinary and compelling reasons. Many incarcerated persons have family members in need of care. The Guidelines' Policy Statement indicates relief may be considered for those persons who are the "only" available caregiver. Dr. Grandhe has not demonstrated eligibility for this form of relief. *Cf. United States v. Mitchell*, No. 2:12-CR-00401-KJM-1, 2022 WL 17542500, at *3 (E.D. Cal. Dec. 8, 2022), reconsideration denied, No. 2:12-CR-00401-KJM-1, 2023 WL 3199173 (E.D. Cal. May 2, 2023) ("It also is not clear . . . why other care options funded by public benefits, such as an assisted living facility, are not possible.").

**D.     Consistency with the § 3553(a) Factors**

Because the Court concludes that Dr. Grandhe's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

**CONCLUSION**

For the reasons discussed above, Dr. Grandhe's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 28), is **DENIED**.

IT IS SO ORDERED.

Dated:     **November 16, 2023**

UNITED STATES DISTRICT JUDGE

5